[S. F. No. 542.   Department Two.—January 26, 1897.]

## E. W. S. VAN SLYKE, RESPONDENT, *v.* BROADWAY INSURANCE COMPANY, APPELLANT.

CONTRACT.—PRINCIPAL AND AGENT—AGREEMENT VOID FOR UNCERTAINTY.
A provision in a written agreement between an insurance company and its general agent, whereby the company agreed to pay him, in addition to other compensation for his services, "a contingent commission of five per cent," without stating upon what the contingency depends, or upon what sum the "five per cent" is to be calculated, is void for uncertainty, and parol evidence is inadmissible to aid it.

ID.—EXPENSES OF AGENT.—The same is true of a further provision in such agreement, whereby the company agreed "to share the expenses of the general agent's office in San Francisco *pro rata*" with another insurance company, "for clerk's salaries, rent, and office furniture and fixtures, to the maximum amount of $3,200 per year, as shown by the ledger of the general agent."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JOHN HUNT, Judge.

The facts are stated in the opinion.

*Rhodes & Rhodes*, for Appellant.

*Pierson & Mitchell*, for Respondent.

SEARLS, C.—This is an action to recover from defendant (a corporation), upon three several causes of action, sums of money aggregating $1,596.65. Plaintiff had judgment for a balance of $1,309.73. Defendant appeals, and the cause comes up on the judgment-roll, without any bill of exceptions.

The whole contention arises over plaintiff's third cause of action. It appears that defendant, the Broadway Insurance Company, is a corporation organized under the laws of the state of New York, and engaged in the insurance business in California. Plaintiff was the general agent of defendant in the state of California.

It appears from the third cause of action, as set out in the complaint, that there were, from October 1, 1893, to October 1, 1894, several written agreements between

plaintiff and defendant stating the terms of plaintiff's agency, and providing for his compensation as such agent, and in each of which agreements defendant bound itself to pay to the plaintiff, in addition to other compensation for his services: " 1. A contingent commission of five per cent; 2. To share the expenses of the general agent's office in San Francisco *pro rata* with the Mutual Fire Insurance Company for clerks' salaries, rent, and office furniture and fixtures, to the maximum amount of $3,200 per year, as shown by the ledger of the general agent in San Francisco, California."

After citing from the agreements the clause in relation to the " contingent commission of five per cent," the pleader avers in apt terms that by said agreement both plaintiff and defendant intended and understood that defendant should pay to plaintiff on the amount of premiums actually received and collected by plaintiff, after deducting therefrom the amounts paid by plaintiff as return premiums, and for reinsurance, and for losses against which defendant had insured.

The complaint then proceeds to show the amount collected as premiums, the sums paid out as return premiums for reinsurance and for losses, and shows as a result that there is due plaintiff on this basis the sum of $596.66.

Touching the item of office expenses, it is averred in substance that it was intended and understood by both plaintiff and defendant that defendant should pay to plaintiff such proportion of his office expenses as the amount collected by him for defendant bore to the amount collected by him for the Mutual Fire Insurance Company.

The complaint then shows the amount of office expenses incurred for the several services mentioned in the agreement, and that upon such basis there is due from defendant on account thereof, and as its proportion, the sum of $937.53.

At the close of this third cause of action plaintiff admits that there is due to defendant from him the sum

of $628.46, on certain accounts stated between them, and the prayer for judgment is for the several sums demanded in the several counts, less the sum so admitted to be due to defendant.

Defendant demurred to the third count of the complaint upon the grounds: 1. That it did not state facts sufficient to constitute a cause of action; 2. That several causes of action are improperly united and not separately stated, to wit, a cause of action for a contingent commission of five per cent with a cause of action for a *pro rata* share of the general agent's office and a cause of action upon an account stated.

The demurrer was overruled by the court, and the ruling is assigned as error.

We are of opinion the demurrer to the third cause of action should have been sustained.

The clause of the written agreement relating to the commission to be received by plaintiff is: "A contingent commission of five per cent." The agreement is silent as to the basis upon which the contingency depends, and as to the sum or sums upon which the "five per cent" is to be calculated.

That parol evidence is inadmissible for the purpose of altering the legal operation of an instrument, by evidence of an *intention*, to an effect which is not expressed in the instrument, is elementary. (1 Starkie on Evidence, 666.) The agreement as pleaded is void for uncertainty. (*Marriner* v. *Dennison*, 78 Cal. 202.)

The second clause of the same cause of action is subject to similar objections. According to the complaint defendant was to share the expenses of the general agent's office at San Francisco *pro rata* with another company up to $3,200 per year "as shown by the ledger of the general agent in San Francisco, California."

Upon what rate the portions of expenses to be paid by the two several companies, respectively, is to be computed does not appear. It is not more definite in this respect than it would have been had it declared that

each of the companies should pay a part of the expenses without designating what part or proportion.

The complaint is silent as to what the ledger of the general agent showed.   The two clauses of the count are as indefinite and the meaning thereof as impossible of ascertainment, by construction, as would be the quotient of a specified number divided by an indefinite divisor.

These defects, being patent on the face of the agreement, are not subject to be aided either by averment or evidence.

The case of *Balfour* v. *Fresno etc. Co.,* 109 Cal. 221, relied upon by respondent, is not at all in point.   There the language of the contract of the parties was held to be susceptible of either one of two interpretations, and it was held that a latent ambiguity was presented which might be explained by proof of extrinsic circumstances, showing the sense in which the parties intended and understood the expression used.

The difficulty in the present case is that the parties have failed to use any expression from which a definite meaning can be deduced.

We do not deem it necessary to discuss the elementary principles of patent and latent ambiguities, and the distinction between them.   The subject is too well understood to need exposition.   It may be well, however, to state that, where the agreement between the parties is one not required to be in writing to avoid the statute of frauds, and is one and entire, and only a part of it is reduced to writing, the residue may be proven by extrinsic evidence.  · (*Jeffery* v. *Walton,* 1 Stark. 267.) That case was an action for not taking proper care of a horse hired by the defendant of the plaintiff.   The following memorandum, made at the time of hiring, was offered in evidence:

" Six weeks at two guineas.

"Wm. Walton, Jr."

Lord Ellenborough regarded the memorandum as incomplete, but conclusive as far as it went.   "The

written agreement," said he, "merely regulates the time of hiring and the rate of payment, and I shall not allow any evidence to be given by the plaintiff in contradiction of these terms; but I am of opinion that it is competent to the plaintiff to give in evidence suppletory matter as a part of the agreement." There are other authorities to the same effect.

In the present case it may well be that similar conditions existed. If so, the entire contract should be pleaded.

We recommend that the judgment be reversed, and the court below directed to sustain the demurrer to the third count of plaintiff's complaint, and that plaintiff have leave to amend if he shall be so advised.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below directed to sustain the demurrer to the third count of plaintiff's complaint, and that plaintiff have leave to amend if he shall be so advised.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.