[L. A. No. 614.   Department One.—September 12, 1900.]

J. W. MABB et al., Appellants, v. H. H. MERRIAM, Respondent.

REFORMATION — SUBSTITUTION OF PARTIES TO CONTRACT.—A court of equity, in the exercise of its jurisdiction to reform written contracts, has no power to make a new contract. It can neither add additional parties to nor substitute other parties for those already appearing upon the face of the writing.

APPEAL from a judgment of the Superior Court of Los Angeles County and from certain orders made on the trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

J. L. Murphy, and Murphy & Gottschalk, for Appellants.

Jefferson Chandler, and Shirley C. Ward, for Respondent.

GAROUTTE, J.—This is an action brought to reform a contract and to recover damages for an alleged breach thereof. The question arising upon the appeal is presented upon the face of the complaint.

We will consider the single proposition, Do the facts alleged justify a reformation of the contract as prayed for? The facts are these: Plaintiff J. W. Mabb and defendant Merriam verbally agreed to exchange lands. Plaintiff J. J. Mabb was the husband of his coplaintiff, and in conjunction with one Streeter, the agent of both parties, attended to the drawing up of the preliminary contract. In this contract the name of J. W. Mabb is not mentioned, but the instrument recites that J. J. Mabb is the party of the second part, and as such party he enters into many covenants to perform, etc. He also signed the contract as one of the parties thereto. J. W. Mabb, the wife, now seeks to have the contract reformed by having her name inserted as the party of the second part, and also having her name attached thereto in place and stead of J. J. Mabb.

While a court of equity will reform contracts under many varying circumstances, still it has no power to make a new contract. Its power is simply to reform a contract already made. J. W. Mabb is not a party to the contract, and a court of equity can neither add additional parties nor substitute other parties for those already appearing upon the face of the writing. J. J. Mabb acted as one of the contracting parties, and whether he did it by mistake, through ignorance of law or fact, or did it with knowledge of everything, we deem an immaterial matter. A court of equity cannot change an agreement between J. J. Mabb and Merriman to an agreement between J. W. Mabb and Merriman. This would be to make a new contract, and not to reform a contract already made.

For the foregoing reasons the judgment and orders appealed from are affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.