WALTER J. WAYTE, Appellant, v. BOWKER CHEMICAL COMPANY and THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, Respondents.

Second Department, December 14, 1917.

Pleading — motion for judgment upon pleadings after demurrer — contract as sales agent construed — reformation of contract upon ground of mistake and fraud — power of court of equity to add additional or substitute other parties to contract.

The court after making an order denying a plaintiff's motion for judgment on the pleadings after demurrer, cannot make another order sustaining demurrers to the complaint and dismissing the same, as the only matter before the court is the motion for judgment on the pleadings.

A provision of a contract of employment of the plaintiff as sales agent of the defendant that all sales should be made on terms satisfactory to and approved by the defendant, contemplates sales and cannot be invoked to justify a refusal to make any sales to any party upon any terms.

A court of equity can neither add additional parties nor substitute other parties for those already appearing upon the face of an agreement.

Where in a suit by the plaintiff against two defendants for the reformation of separate contracts with them it appears that the parties were dealing at arm's length, mere proof that the defendants promised orally that the

written contract would contain a provision in one way and that such contract when presented and thereupon executed contained that provision in a different way, more stringent against the plaintiff, does not justify a reformation of the contract upon the theory that there was a mistake by the plaintiff and a fraud by the defendant.

The maxim that where there is a wrong there is a remedy, is not a panacea for ill pleading when attacked by demurrer.

APPEAL by the plaintiff, Walter J. Wayte, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of April, 1917, denying his motion for judgment on the pleadings consisting of a complaint and demurrers thereto, and also from an order entered in said clerk's office on the same day, resettling a prior order entered therein on the 29th day of March, 1917, sustaining the demurrers to the complaint.

*Anthony J. Ernest* [*Robert D. Ireland* with him on the brief], for the appellant.

*James B. Kilburn,* for the respondents.

JENKS, P. J.:

The two defendants demurred separately that the complaint did not state sufficient facts and did unite improperly two causes of action. The plaintiff moved for judgment on the pleadings. The Special Term made an order that denied the motion and an order that sustained the demurrers and dismissed the plaintiff. As the said motion was the sole matter brought before the court, the second order was error. (*Ventriniglia* v. *Eichner,* 138 App. Div. 274; *Kober* v. *Lyle,* 177 id. 903.) The plaintiff complains that he and the defendant The American Agricultural Chemical Company made a sealed agreement for his sale to it of one-half of his patent for a combination of Kieselguhr and phosphoric acid, and for his employment for 1913 as an expert by said company at a salary, in clarifying sugar and the application of such process thereto; and that shortly after such agreement he made a sealed agreement with the defendant the Bowker Chemical Company whereby it employed him for 5 years as sales agent for phosphoric acid preparations

manufactured by it for use in the clarification of sugar, molasses and syrups. This agreement, termed Exhibit D, provided that all sales made by plaintiff " shall be made to parties and on terms satisfactory to " the Bowker Chemical Company. The agreement also provided that the sales " shall be made basis of cash thirty days, no discounts being allowed." And the agreement also excluded the plaintiff, during its term, from planning or building any machinery, apparatus or works for the production of phosphoric acid and its preparations save for the said company, and required the plaintiff to act for it in such work of that character which it might deem advisable. The gravamen of the complaint is that the Bowker Chemical Company " has refused to fill orders for the said phosphoric acid productions and has notified the plaintiff that it does not desire to fill orders for said goods or to sell the said goods," and that such is the action of the other defendant, The American Agricultural Chemical Company

. I think that a covenant of reciprocal performance by the Bowker Chemical Company and by the American Agricultural Chemical Company as to their agreements respectively, would be implied. (*Booth* v. *Cleveland Mill Co.*, 74 N. Y. 21; *Jugla* v. *Trouttet* 120 id. 21; *Horton* v. *Hall & Clark Mfg. Co.*, 94 App. Div. 407, and authorities cited.) The said provision in said Exhibit D, that all sales should be made on terms satisfactory to and approved by the Bowker Chemical Company, contemplates sales, and cannot be invoked to justify a refusal to make any sales to any party upon any terms. (*Taylor* v. *E. M. S. Co.*, 124 N. Y. 184–188.) Indeed, while the agreement is silent as to the individual qualifications of purchasers, it does declare that the conditions should include " cash thirty days, no discounts being allowed."

But plaintiff would reform the agreements upon the contention that defendants " offered and promised to execute a contract " that provided that defendants " would fill all orders for such goods which might be obtained by the plaintiff from persons and firms of sufficient financial standing." The reformation prayed for is more drastic, in that it reads: " It is agreed by the Bowker Chemical Company and The American Agricultural Chemical Company that they will fill

all orders for the said phosphoric acid productions, provided the said orders are given by persons and firms of sufficient financial credit." The plaintiff has not pleaded a cause of action against the two corporations for a breach of an alleged contract between him and them, or merely for a joint wrong done him by them, or for the reformation of a written contract in form between him and them, but he complains upon two sealed agreements between him and one of them alone, and two sealed agreements between him and the other of them alone. And he would reform each agreement by adding each defendant as a party to the said agreement of the other defendant. For example, Exhibit D is a contract of employment of the plaintiff as a sales agent, executed by the plaintiff and the Bowker Chemical Company alone. There is not a word of the agreement to indicate that the other defendant was contemplated as a party. The agreements with the American Company contemplate only the purchase of the patent and employment of the plaintiff as an expert. It is well said in *Mabb* v. *Merriam* (129 Cal. 663), " a court of equity can neither add additional parties nor substitute other parties for those already appearing upon the face of the writing." (See, too, Bisp. Eq. [8th ed.] 673.) There is, of course, a distinction between the insertion of the name of a proper party to a written contract apparent from the terms and conditions thereof, and an addition such as sought by the plaintiff in this case, *e. g.*, *Collins* v. *Cornwell* (131 Ind. 20, 22). These comments apply *mutatis mutandis* to the prayer that would add the Bowker Company as a party to the said agreements of the other defendant with the plaintiff. If we consider the prayer for reformation, aside from the question of addition of parties, as we may do (*Lester* v. *Seilliere*, 50 App. Div. 242), we note that the plaintiff would not merely supply, but would substitute, a provision. We find allegations of certain promissory statements of the defendants accepted by the plaintiff, as to which the contracts would provide that such representations were made to deceive and that in reliance upon them the plaintiff signed the writings which were prepared by the attorneys for the defendants. But there is no allegation that after the agreement was prepared, and before or at the time it was presented for execution by the plaintiff, he was

Second Department, December, 1917.        [Vol. 180.

induced by the fraud or other similar inequitable conduct of the defendants to execute it in the justifiable belief that it contained the provision in question. Apparently the parties were dealing at arm's length. I think that mere proof that the defendants promised orally that the written contract would contain a provision in one way, and that such contract when presented and thereupon executed contained that provision in a different way, more stringent against the plaintiff, would not justify a reformation of such a contract upon the theory that there was a mistake by the plaintiff and a fraud by the defendants. (See *Jarvis* v. *Palmer*, 11 Paige, 650, 658, and also the discussion in *Wilson* v. *Deen*, 74 N. Y. 531.)

The plaintiff has not sought to recover despite, or in disregard of, the agreements as they are written, but rests upon a reformation of them. We should not condemn the demurrers because the plaintiff may be able to plead a joint cause of action against both defendants, for he has not well pleaded one. We should not condemn them because the plaintiff may have a cause of action against the American Company separately and a cause of action against the Bowker Company separately, either in a court of equity or a court of law. It may well be that he has the facts with him, in that he has been enmeshed and overreached, and that he may recover damages for the wrongs done.

The maxim, where there is a wrong there is a remedy, is not a panacea for ill pleading when attacked by demurrer. All that we now pass upon is the disposition made upon the pleadings.

The order that denies the motion for judgment is affirmed, with ten dollars costs and disbursements. The order that dismisses the plaintiff is reversed, without costs, for the reason heretofore stated, but without prejudice as to the merits of the demurrers.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Order denying motion for judgment affirmed, with ten dollars costs and disbursements. Order dismissing plaintiff reversed, without costs, for reason stated in opinion, but without prejudice as to the merits of the demurrers.