[L. A. No. 8064. In Bank.—October 22, 1924.]

## CHARLES W. WILSON, Appellant, v. JOHN G. SHEA et al., Respondents.

[1] CONTRACTS — REFORMATION — SPECIFIC PERFORMANCE—UNDISCLOSED PARTY.—A suit for reformation and specific performance of a contract for the sale and purchase of real property cannot be maintained by one not appearing as a party in the contract, where it is not alleged in the complaint that the party, whom plaintiff claims represented him, in entering into said contract or in executing the same as one of the principals thereof did so by mistake, or that in signing and executing the contract in his own name he mistakenly supposed that he was signing and executing the same, not as a principal, but as the agent of the plaintiff, or that he intended in executing the same or appending his signature thereto to act as the agent of plaintiff, or that he believed that he was doing so as the agent of plaintiff, and it is not alleged that defendants in executing the contract acted under any mistake as to who were the parties thereto or understood or believed that the party entering into it was acting otherwise than as a principal thereto or as agent of the plaintiff.

[2] ID.—NECESSARY PARTIES—PLEADING.—The general rule is that in actions for the reformation of agreements all persons whose interests in the subject matter, legal or equitable, will be affected by the decree are necessary parties, and if they do not appear as parties plaintiff, they should be joined as parties defendant.

[3] ID.—UNDISCLOSED PRINCIPAL—PARTIES.—In an action by one who alleges himself to be an undisclosed principal to a contract in writing for the purchase and sale of real estate, both of the parties who appear therein as principals and who have acquired as such certain rights and assumed certain liabilities with relation to each other should be made parties to an action for the reformation of such agreement, whereby their relation as the apparent

2.  See 23 R. C. L. 359.

principals thereto are sought to be materially affected or entirely severed.

[4] ID.—REAL PARTY IN INTEREST—RULE.—The rule embodied in section 382 of the Code of Civil Procedure that the real party in interest may maintain an action has no application to a case where the plaintiff is not merely seeking to enforce a contract in writing executed by his alleged agent as a principal thereto, but is seeking the reformation of the contract so as to materially change not only the parties thereto, but the substance of the agreement itself and the apparent obligations of those who appear upon the face of the contract to be the principals.

[5] ID.—PLEADING—STRIKING OUT AMENDED COMPLAINT.—There is no error in ordering stricken from the files an amended complaint which utterly fails, and does not attempt, to remedy the defects in a previous complaint, and which is in all essential averments but a repetition of the former pleading.

---

(1) 36 **Cyc.**, p. 761.    (2) 34 **Cyc.**, p. 967.    (3) 34 **Cyc.**, p. 967. (4) 30 **Cyc.**, p. 57 (1926 Anno.).    (5) 31 **Cyc.**, p. 618.

APPEAL from a judgment of the Superior Court of Los Angeles County. Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thos. C. Ridgway and Richard F. Bailey for Appellant.

Tanner, O'Dell & Taft for Respondents.

RICHARDS, J.—This appeal is by the plaintiff from a judgment in the defendants' favor based upon the order of the trial court sustaining the latters' general and special demurrers to the plaintiff's fourth amended complaint. There is also included an appeal from an order of the trial court striking out the plaintiff's proposed fifth amended complaint. The action is one brought by the plaintiff to have reformed a certain contract alleged to have been entered into between himself and said defendants for the sale by them of certain real property and to have such contract, when so reformed, specifically enforced. The plaintiff in his said fourth amended complaint alleged that on the fourteenth day of April, 1922, the plaintiff and the defendant John G. Shea entered into an agreement by which John G. Shea agreed to sell and convey and said plaintiff agreed to buy certain real property upon certain specified

terms; that one John N. Gillies was the agent of said defendant in said agreement; that said John N. Gillies undertook to prepare and did prepare a written instrument purporting to express the above mentioned agreement between plaintiff and said defendant; that said instrument when so prepared and executed by the defendants named therein read as follows:

"This agreement, made the 13th day of April one thousand nine hundred and twenty-two, between John G. Shea and Lusannah C. Shea, husband and wife, the parties of the first part, and C. N. Brown, the party of the second part,

"Witnesseth: That the parties of the first part, in consideration of the covenants and agreements on the part of the party of the second part hereinafter contained, agree to sell and convey unto the party of the second part, and the party of the second part agrees to buy all that certain lot, piece or parcel of land situated in the county of Los Angeles, state of California, and bounded and particularly described as follows, to wit:

"Lot twenty-two (22) of the five hundred (500) acre tract of Los Angeles Fruitland Association; book 3, pages 156–157 M. R.

"Subject to taxes of the fiscal year 1922–1923:

"Subject also to a contract for easement now of record; for the sum of seventeen thousand ($17,000.00) dollars, of the United States, and the party of the second part, in consideration of the premises, agrees to pay to the parties of the first part the sum of seventeen thousand ($17,000.00) dollars, at the times and in the manner following, to wit:

"Five hundred dollars ($500.00) upon the execution and delivery of this agreement, receipt of which is hereby acknowledged; fifty-five hundred dollars ($5500.00) on or before 180 days from date hereof; the balance of eleven thousand dollars ($11,000.00) in the form of a mortgage executed by C. N. Brown or his nominee, due on or before five years with interest at six per cent payable quarterly, in favor of the parties of the second part, said mortgage to be delivered upon the execution and delivery of a deed to party of the second part, or his nominee.

"The party of the second part agrees to pay all state, county and municipal taxes or assessments of whatsoever nature which are or may become due on the premises above described.

"In the event of a failure to comply with the terms hereof by the party of the second part, the parties of the first part shall be released from all obligations in law or equity to convey said property, and the party of the second part shall forfeit all right thereto and all moneys theretofore paid hereunder shall be treated as liquidated damages for the non-fulfillment of this contract.

"And the parties of the first part, on receiving such payment, at the times and in the manner above mentioned, agree to execute and deliver to the party of the second part, or to his nominee, his or her heirs & assigns, a good and sufficient deed conveying said property free and clear of all liens and encumbrances made, done, or suffered by the parties of the first part, except as herebefore stated.

"And the parties of the first part agree to pay to John N. Gillies the sum of four hundred eighty as commission out of the payment of fifty-five hundred dollars ($5500.00) due 180 days after date hereof, or at close of escrow.

"And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties, and that time is of the essence of this agreement.

"In witness whereof, the parties hereto have executed these presents in duplicate the day and year first above written.

"LUSANNAH C. SHEA,
"JOHN G. SHEA,
"C. N. BROWN.

"Signed and delivered in the presence of
"J. N. GILLIES."

[1]   The plaintiff further alleges that at all the times mentioned in his said complaint said C. N. Brown was representing the plaintiff in the purchase of the said property and was acting as the agent of the plaintiff in the said purchase.   It thus appears from the foregoing averments that the instrument in writing which the plaintiff is seeking to have reformed is an instrument to which he is not on

the face thereof a party, and that said plaintiff is at best but an undisclosed principal of one of the makers of such written agreement, viz., C. N. Brown. It is nowhere alleged in said complaint that said C. N. Brown in entering into said contract or in executing the same as one of the principals thereof did so by mistake, or that in signing and executing the said contract in his own name, he mistakenly supposed that he was signing and executing the same not as a principal but as the agent of said plaintiff; or that he intended in executing the same or in appending his signature thereto to act as the agent of said plaintiff, or that he believed that in so doing he was doing so as the agent of said plaintiff; nor is it anywhere set forth in said complaint that the defendants in executing said contract acted under any mistake as to who were the parties thereto, or understood or believed that the said C. N. Brown in entering into or executing said contract was acting otherwise than as a principal party thereto or was executing said contract not as a principal but as the agent of the said plaintiff. The instrument itself is neither ambiguous nor uncertain in any of the foregoing respects and is nowhere in the plaintiff's said complaint alleged to be so. It would seem clear, therefore, that the case of *Mabb* v. *Merriam,* 129 Cal. 663 [62 Pac. 212], must be given exact application to the facts of the case at bar as presented in the plaintiff's said fourth amended complaint, wherein this court said:

"While a court of equity will reform contracts under many varying circumstances, still it has no power to make a new contract. Its power is simply to reform a contract already made. J. W. Mabb is not a party to the contract, and a court of equity can neither add additional parties nor substitute other parties for those already appearing upon the face of the writing. J. J. Mabb acted as one of the contracting parties, and whether he did it by mistake, through ignorance of law or fact, or did it with knowledge of everything, we deem an immaterial matter. A court of equity cannot change an agreement between J. J. Mabb and Merriam to an agreement between J. W. Mabb and Merriam. This would be to make a new contract, and not to reform a contract already made."

194 Cal.—42

An examination of the original record in the above-cited case shows that the cases are practically identical except that by its entire omission of any averments as to the mistake of the parties to said writing in the foregoing particulars this case presents an even stronger case for the application of the rule as above set forth. The above case has been cited with approval in Page on Contracts, note 8, p. 1921; *Wayte* v. *Bowker etc. Co.,* 180 App. Div. 571 [168 N. Y. Supp. 122]. The case of *Mabb* v. *Merriam* was not, as appellant asserts, either distinguished or otherwise weakened as authority by anything said in the case of *House* v. *McMullin,* 9 Cal. App. 664 [100 Pac. 344]. But even if the rule were otherwise than above stated in this regard, there are a number of other respects in which the plaintiff's said complaint is insufficient. C. N. Brown, although he appears on the face of said contract to be one of the principals thereto and to be the only party in fact with whom the written engagements of the defendants were made, is not made a party to this action wherein the plaintiff seeks to have his own name inserted and his own alleged rights and interests substituted for the name and rights and interests and obligations of said C. N. Brown as stated therein. Not only is this true as to Brown, but it is also true in so far as these defendants are concerned, since Brown is the only person with whom, upon the face of said instrument, they have any agreement in writing affecting their said property, and hence is the only person with whom they have an enforceable contract to sell their property under said contract in its present form. The defendants demurred specially to said complaint upon the ground of the nonjoinder of said Brown as a necessary party to said action. **[2]** The general rule, as stated in 34 Cyc., p. 967, is that, in actions for the reformation of agreements all persons, whose interests in the subject matter, legal or equitable, will be affected by the decree are necessary parties. If they do not appear as parties plaintiff they should then be joined as parties defendant. Thus the other party to a contract is always a necessary party. (*Hellman* v. *Schneider,* 75 Ill. 422; *Eustis Manf. Co.* v. *Saco Brick Co.,* 198 Mass. 212 [84 N. E. 449].) **[3]** It would seem upon both reason and authority that in an action by one who alleges himself to be an undisclosed principal to a contract in writing for the purchase and sale of

real estate, both of the parties who appear therein as principals and to have acquired as such certain rights and to have assumed as such certain liabilities with relation to each other should be made parties to an action for the reformation of such agreement, whereby their relation as the apparent principals thereto are sought to be materially affected, or, as in this case, entirely severed. [4] The appellant, however, contends that he is entitled to maintain this action to enforce said agreement as the real property in interest under the provisions of section 382 of the Code of Civil Procedure and under the authority of *Eldridge* v. *Mowry*, 24 Cal. App. 183 [140 Pac. 978], and of certain cases from other jurisdictions. There can be no doubt as to the correctness of the rule embodied in said section of the code and as declared in these cases, but said rule has no application to a case of this character wherein the plaintiff is not merely seeking to enforce a contract in writing executed by his alleged agent as a principal thereto, but is seeking the reformation of such written contract so as to materially change not only the parties thereto but the substance of the agreement itself and the apparent obligations of those who appear upon the face of such written contract to be the principals thereto. We are satisfied that the special demurrer of the defendants upon the ground of the nonjoinder of Brown as a party plaintiff or defendant was properly sustained. It will not be necessary to notice or pass upon the other defects in the plaintiff's fourth amended complaint to which our attention has been directed.

[5] The appellant makes the contention that the trial court erred in granting the defendants' motion to strike from the files the plaintiff's offered fifth amended complaint. An examination of said fifth amended complaint discloses that it utterly fails and in fact does not attempt to remedy the defects in the plaintiff's fourth amended complaint which have been adverted to above and that it is in all its essential averments but a repetition of the plaintiff's former pleading. The method of disposing of it may have been somewhat irregular, but of this the plaintiff cannot be heard to complain, since it only at best could have suffered the fate of his several other ineffectual pleadings, his persistent refusal to amend which in the particulars to which his attention had been specifically directed may well have brought

the trial court to the conclusion that it was futile to permit him to present a further defective pleading.

The judgment and order are affirmed.

Shenk, J., Seawell, J., Lawlor, J., Lennon, J., and Waste, J., concurred.

Rehearing denied.