PAUL MENDE, INC., Plaintiff, *v.* THE WERTZ COMPANY, Defendant.

Supreme Court, New York County, November 20, 1928.

*William D. Brush*, for the plaintiff.

*Graves & Yawger* [*Charles S. Yawger* of counsel], for the defendant.

FRANKENTHALER, J. Under the contract of employment plaintiff was to be the exclusive sales representative of the defendant in a specified territory for a period of five years. It is alleged in the first cause of action that defendant opened a branch office and solicited business in plaintiff's territory. It is further alleged that some time after the making of the contract defendant agreed to establish a field service organization in New York city to assist plaintiff, but that it failed to do so. These alleged breaches are sufficient to render the first cause of action immune against successful attack for insufficiency. The second cause of action charges the defendant with having arbitrarily refused to bid upon work secured by the plaintiff except at prices greatly in excess of the reasonable market value of the proposed work, solely for the purpose of depriving the plaintiff of its rightful commissions. It alleges further that the amount bid was wholly unreasonable and out of proportion to the value of the work to be performed. It seems to me that a good cause of action is stated. The defendant's undoubted right to control its own affairs and to decide upon the amount it would bid for any work was subject to the limitation that it act in good faith. As was well said in *Friede* v. *White Co.* (244 Fed. 272, 274): "The rule established by these cases when the employer rejects specific orders is this: The principal is bound to accept all orders sent in by the agent which in the exercise of an honest business judgment he would accept if he were actuated only by genuine business motives." (See, also, *Taylor* v. *Enoch Morgan's Sons Co.*, 124 N. Y. 184; *Wayte* v. *Bowker Chemical Co.*, 180 App. Div. 568; 196 id. 665.) The motion to dismiss is denied. Order signed.