[Civ. No. 5517.  Third Appellate District.—March 30, 1936.]

GENEVA N. GAUCHET, Appellant, v. OLIVE L. Mc-GINNIS, Respondent.

Holbrook, Taylor, Tarr & Reed and Joseph D. Taylor for Appellant.

John J. Craig for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against her in a suit for the return

of money paid on a contract to purchase real property on the ground that the agreement was breached by refusal of the vendor to execute and deliver a deed of conveyance upon payment of one-half of the purchase price therefor. The defendant denied the alleged breach and in a cross-complaint asked to reform the contract by inserting therein a clause which was omitted by mutual mistake to the effect that the vendee agreed to execute and deliver to the vendor a trust deed to secure the balance of the indebtedness as a condition precedent entitling her to the deed of conveyance upon the payment of one-half of the purchase price of the property.

It is asserted the findings and judgment are not supported by the evidence for the reason that it does not appear that a mutual mistake of both parties occurred with respect to the omitted clause of the contract, and that there is a fatal variance between the allegations of the cross-complaint and the findings and decree authorizing the reformation of the agreement.

The defendant owns lot 4, tract 677 of Los Angeles County, according to the map thereof recorded in book 15 at page 159 of maps of that county. May 18, 1928, the defendant contracted in writing to sell that lot to the plaintiff for $12,500. The instrument provided for the payment of $3,500 cash and $100 each month thereafter until the purchase price was fully paid, together with 7 per cent interest on deferred payments. The proposed agreement as it was originally prepared provided that upon full payment of the purchase price the vendor would execute and deliver a good and sufficient deed of conveyance to the property. Before the contract was signed by the respective parties, by mutual agreement it was changed so as to read that when one-half of the purchase price had been paid pursuant to the terms of the agreement, the vendor would execute and deliver to the purchaser a good and sufficient deed of conveyance therefor together with a guaranty certificate of clear title. This change was made at the request of the purchaser. The defendant testified in that regard:

"Q. Now, calling your attention to the change made on the second page of the contract, 'on receiving payment for one-half of amount of contract', do you remember that being inserted in there? A. Yes, I do. Q. And was there any conversation prior to the time that particular thing was inserted? A. Yes, there was. Q. Between yourself and Mrs.

Gauchet? A. Yes, there was. Q. What was that, please? . . . A. Mr. Bell and Mrs. Gauchet came into the office and stated that she thought it was a long time to wait . . . for a deed until she had fully paid for the house, and that they thought that she ought to have the deed . . . when she had paid one-half. . . . And I inserted it that way, and we discussed at that time, before the change was made, . . . *that we were to have a trust deed for the balance that would be due.* Q. You mean for the remaining one-half? A. Yes. Q. In other words, when you gave her a deed she was to give you back a trust deed as security? A. That is it, yes. . . . Q. How did you happen to leave that [provision regarding the trust deed] out of the paper? A. I just didn't read over the printed matter here, and *it was an oversight,* that is all.''

There is some conflict of evidence regarding the agreement for the execution of a trust deed to secure the balance of the purchase price when one-half of the property had been paid for.

When one-half of the purchase price of the property had been paid pursuant to the terms of the contract, with the exception of $1814.28, the last-mentioned sum was tendered to the defendant, with a demand for a deed of conveyance of the property to the purchaser and a certificate of clear title thereto. The defendant thereupon executed her deed to the property and procured the certificate of title and deposited them in escrow in a Los Angeles bank to be delivered to the plaintiff upon execution and delivery to her of the sum of $1814.28 and a promissory note secured by a trust deed on the property for the balance of the remaining one-half of the purchase price. Contending that there was no agreement to execute a promissory note or trust deed for the security of the unpaid one-half of the purchase price, and that she was entitled to a deed of conveyance to the property free from all encumbrance upon payment of one-half of the purchase price, the plaintiff demanded of the defendant a deed of conveyance March 8, 1930, without tendering the trust deed securing the unpaid portion. This demand was refused by the defendant. Suit was then commenced based upon an alleged breach of the contract and demanding reimbursement of the money which had been paid on the purchase price of the property. The defendant answered, denying the material allegations of the complaint. She also filed a cross-complaint praying for

reformation of the contract by inserting therein the provision that upon payment of one-half of the purchase price and the receipt of a duly executed trust deed ''securing the balance of the purchase price upon the same terms and conditions as set forth in the agreement'' the vendor would be entitled to a deed of conveyance to the property. Upon trial the court adopted findings favorable to the defendant, among which is the following determination:

''By mutual mistake of the parties hereto . . . [they] omitted to provide in the agreement as changed 'that upon the payment of one-half of the purchase price by the plaintiff, defendant should give a deed to the plaintiff, and plaintiff in turn to secure the remainder of the purchase price by the giving of the note therefor secured by a deed of trust upon the property in question upon the same terms and conditions relative to payment and interest as was provided for by the contract.''

Thereupon judgment was rendered directing the reformation of the contract to conform to the preceding finding, and denying the relief sought by the plaintiff.

The findings and judgment are adequately supported by the evidence. There is no fatal variance between the pleadings and the judgment.

It is true that a mistake which will authorize the reformation of a written instrument must be either a mutual mistake of both parties or one which is known to one party and suspected by the other party. (Sec. 3399, Civ. Code; 22 Cal. Jur. 716, sec. 8.) In the present case there is evidence to support the finding that the omission was the result of a mutual mistake of both parties. Mrs. McGinnis testified that, ''We [both parties to the contract] discussed at that time before the change was made . . . that we were to have a trust deed for the balance that would be due. . . . It [the omission] was an oversight.''

There is no merit in the contention that there is a fatal variance between the evidence or the pleadings and the findings and judgment with respect to the omission of the clause regarding the trust deed because Mrs. McGinnis did not specifically say that the trust deed was to be accompanied by a promissory note for the balance of the purchase price of the property which it was to secure. That would necessarily be inferred. It was specifically said the trust deed

was to secure the *unpaid* balance of the purchase price. A trust deed is understood to be substantially a mortgage on real property to secure an indebtedness, with the power of sale for default of the terms thereof. (25 Cal. Jur., p. 15, secs. 3–6.) It is common knowledge that both a mortgage and a trust deed are customarily given to secure a promissory note representing the amount and terms of the indebtedness. It is unreasonable, in conflict with common business practice and absurd to contend that a written contract with a stranger to purchase valuable real property which entitles the vendee to a clear deed of conveyance upon the payment of the entire purchase price would be voluntarily changed to require the vendor to convey clear title thereto upon the payment of one-half of the purchase price without any security for the payment of the balance of the purchase price. It does not constitute the making of a new and different contract from that in which it was agreed the vendee should deliver a deed of trust to secure the unpaid balance of the purchase price to merely infer from the evidence to that effect that a promissory note was also to be given as a basis for the amount of indebtedness and the terms to be secured by that trust deed. That inference necessarily follows.

There is nothing in the cases of *Mabb* v. *Merriam*, 129 Cal. 663 [62 Pac. 212], and *Beal* v. *United Properties Co.*, 46 Cal. App. 287 [189 Pac. 346], upon which the appellant relies, in conflict with what we have heretofore said regarding the reformation of a contract.

The judgment is affirmed.

Tuttle, J., *pro tem.*, and Pullen, P. J., concurred.