[Civ. No. 2950.   Second Appellate District, Division One.—November 17, 1919.]

COUNTY OF SANTA BARBARA, Plaintiff, v. DOMENICA L. JANSSENS et al., Defendants and Appellants; MARY E. STEWART, Executrix, etc., et al., Respondents.

[1] Appeal—Order Sustaining Motion to Strike Out—Reversal of Judgment Entered After Demurrer Sustained.—Where, on an appeal from a judgment entered after the sustaining of a demurrer without leave to amend, there is nothing in the record upon which to predicate error in the order of the trial court granting a motion to strike the complaint from the files, which motion was presented with the demurrer, this alone is sufficient to prevent a reversal of the judgment.

[2] Pleading—Illegal Payment of Money to Matron—Action by County to Recover—Cross-complaint Against Sheriff.—In an action by a county against the sheriff, the surety on his official bond and another who had rendered services as matron at the special instance and request of said sheriff, to recover money alleged to have been paid by the county to the latter pursuant to an order made by the board of supervisors without authority of law, the latter cannot maintain a cross-action against the sheriff to recover the reasonable value of the services rendered by her.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thompson & Robertson for Appellants.

Wm. G. Griffith for Respondents.

CONREY, P. J.—This is an action wherein the plaintiff sought to obtain judgment against the sheriff of the county of Santa Barbara and the surety on his official bond, and the defendant Domenica L. Janssens (her husband being also a party defendant), to recover money alleged to have been paid by the county to Mrs. Janssens, pursuant to an order made by the board of supervisors without authority of law. Judgment having been entered in favor of all of

the defendants, and the plaintiff having appealed therefrom, that judgment was affirmed as to the sheriff and his surety, and was reversed as to the other defendants. (*County of Santa Barbara* v. *Janssens,* 177 Cal. 114, [L. R. A. 1918C, 558, 169 Pac. 1025].) Thereafter, Stewart having died and an executrix of his will having been duly appointed and qualified, the superior court, pursuant to an *ex parte* motion of defendant Domenica L. Janssens, made an order that the executrix be substituted in place of Stewart as defendant in this action. We need not now question the propriety of that order, which was made after the judgment in favor of Stewart had become final. Thereupon Mrs. Janssens filed a cross-complaint against the executrix and said surety, which did not allege the presentation of any claim against the estate, to said executrix. Thereafter, Mrs. Janssens presented her claim to the executrix, which was rejected. Thereafter, Mrs. Janssens filed an amended cross-complaint, wherein the presentation and rejection of the claim was alleged. The nature of the cause of action relied upon is shown by the allegation that Stewart, "as sheriff of said county of Santa Barbara, was indebted to the said cross-complainant in the sum of $1249.49 for services performed as matron at the special instance and request of the said Nat Stewart as sheriff of the said county of Santa Barbara as provided by law, which services were of the reasonable and agreed value of $1249.49." Prior to the filing of this amended cross-complaint, judgment was entered in favor of the plaintiff, county of Santa Barbara, against Mrs. Janssens for the amount of plaintiff's demand.

The court having first sustained an amended demurrer to the amended cross-complaint, "without leave to amend," entered judgment that cross-complainant take nothing on her said amended cross-complaint. From this last-named judgment she has taken this appeal. By the recitals in the judgment it further appears that together with their demurrer the defendants to the cross-complaint presented a motion to strike said amended cross-complaint from the files; that this motion was regularly heard and granted. The grounds upon which this motion was based are not shown by the record.

[1] 1. There being nothing in the record upon which to predicate error in the order striking the amended cross-com-

plaint from the files, that order, being within the court's jurisdiction, was presumably correct. This alone is sufficient to prevent a reversal of the judgment, which judgment, in this aspect of the case, amounts to a dismissal of cross-complainant's action.

[2]  2. Cross-complainant's alleged cause of action was not one which entitled her to maintain a cross-action against her codefendants. The relief demanded by her was not relief "relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates." (Code Civ. Proc., sec. 442.) The plaintiff's cause of action was one given to the county by statute, to recover money illegally paid out of the county treasury to Mrs. Janssens. The action by her, directed against the estate of Stewart and against the surety on his official bond, is one to recover compensation for services rendered to Stewart, for which it is sought to hold them responsible. That liability, assuming it to have existed, was wholly unrelated to the cause of action of the plaintiff against defendant Mrs. Janssens. She has no more right to maintain this cross-action than she would have had if Stewart and his surety (who never were liable to the county) never had been named as defendants in the action as presented by the county.

The judgment is affirmed.

Shaw, J., and James, J., concurred.