[Civ. No. 5275.   First Appellate District, Division Two.—December 5, 1925.]

## CHARLES L. GILBERT, Respondent, v. WILLIAM H. SHERROD et al., Appellants.

[1] APPEAL—ORDER STRIKING CROSS-COMPLAINT FROM FILES—BILL OF EXCEPTIONS.—An order striking a cross-complaint from the files made after judgment is an appealable order, and being an order made after final judgment it can be considered on. appeal only when presented on a bill of exceptions.

[2] PLEADING—CROSS-COMPLAINT—AUTHORITY FOR FILING—MOTION TO STRIKE.—A purported cross-complaint which is filed after the entry of final judgment and without authority of the court, as required by section 442 of the Code of Civil Procedure, is properly stricken from the files on motion.

[3] APPEAL—ORDER DENYING NEW TRIAL—FAILURE TO PRESENT BILL OF EXCEPTIONS.—Where none of the papers upon which a motion for new trial was based are presented in a bill of exceptions, the ruling of the trial court denying a new trial is not subject to review on appeal.

[4] EJECTMENT—NEW TRIAL—INSUFFICIENT GROUNDS—PLEADING.—In an action in ejectment, where the claim by defendants that, if plaintiff had complied with certain conditions suggested by them, defendants would have been able to raise sufficient money to pay off the indebtedness and thus prevent a foreclosure of the trust deed under which plaintiff obtained title, is not an issue under the pleadings, it is not a ground for a new trial.

---

(1) 3 C. J., p. 519, n. 58; 4 C. J., p. 180, n. 34.   (2) 31 Cyc., p. 636, n. 92.   (3) 4 C. J., p. 552, n. 27.   (4) 19 C. J., p. 1219, n. 84.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

James E. Fenton and James W. Bell for Appellants.

C. C. Mishler, John F. Keogh and Julius V. Patrosso for Respondent.

---

1.   See 2 Cal. Jur. 152.
2.   See 21 Cal. Jur. 72.
3.   See 2 Cal. Jur. 499.

NOURSE, J.—Plaintiff sued in ejectment to recover possession of certain real property in the city of Los Angeles. Judgment went for the plaintiff and defendants William H. Sherrod and Mildred H. Sherrod appeal on the judgment-roll.

The complaint and answers are in the usual form in actions of this nature. The complaint was filed on July 8, 1922. The action was tried on August 25, 1922, and judgment was entered in favor of the plaintiff on September 13, 1922. On September 22d the defendants gave notice of their intention to move for a new trial, and on October 2d filed affidavits to be used on this motion together with a pleading designated as a cross-complaint in equity. This pleading was, on motion of the plaintiff, stricken from the files on October 18th. Defendant's motion for a new trial was apparently denied, though this does not appear in the transcript. The notice of appeal recites that the appeal is taken by the defendant William H. Sherrod and his wife from the judgment and from the order overruling their motion for a new trial. No bill of exceptions was settled, but the transcript contains a number of affidavits and other papers followed by the clerk's certificate that they are true copies of the documents on file.

On this appeal the appellants urge two grounds for a reversal: that the order striking their cross-complaint from the files was improper and that the trial court erred in denying their motion for a new trial. The arguments advanced by the appellants in their brief are specious and insincere and do not merit consideration.

[1] The answers to both grounds are simple and do not require elaboration. First: (a) The motion striking the purported cross-complaint from the files is an order made after final judgment. It is an appealable order. No appeal was taken from it. (b) Being an order made after final judgment it could be considered on appeal only when presented on a bill of exceptions. No bill was settled or printed in the transcript. [2] (c) Section 442 of the Code of Civil Procedure authorizes the filing of a cross-complaint at the time of answering "or subsequently thereto by permission of the court." The purported cross-complaint having been filed after the entry of final judgment and without per-

mission of the court it was properly stricken from the files. [3] Second: (a) As none of the papers upon which the motion for a new trial was based has been presented in a bill of exceptions the ruling of the trial court in denying a new trial is not subject to review. (*Linforth* v. *San Francisco Gas & Electric Co.*, 156 Cal. 58, 67 [19 Ann. Cas. 1230, 103 Pac. 320].) [4] (b) The only reason urged by appellants for a new trial was that, if respondent had complied with certain conditions suggested by appellants, they (the appellants) would have been able to raise sufficient money to pay off the indebtedness and thus prevent a foreclosure of the trust deed under which respondent obtained title. As this was not an issue under any conception of the pleadings it was not a ground for a new trial.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.