[Civ. No. 13512.   Second Dist., Div. Three.   Dec. 2, 1942.]

MONTEBELLO UNIFIED SCHOOL DISTRICT OF LOS ANGELES COUNTY, Respondent, v. HAROLD KEAY et al., Appellants.

Ernest C. Griffith for Appellants.

J. H. O'Connor, County Counsel, and Arthur Loveland, Deputy County Counsel, for Respondent.

BISHOP, J. pro tem.—The defendants have appealed from a judgment condemning a part of their property for school purposes. No question is raised as to the propriety of the judgment insofar as it determines the sum to be paid for the land taken, nor is any point made that the judgment is at fault in its allotment for the damages accruing to the two pieces of defendants' property not being condemned. The position the defendants take on this appeal is this: the evidence fails to show that the property chosen for the site of a new school was "located in the manner which will be most compatible with the greatest public good and the least private injury," but that on the contrary the evidence shows that it was not so located. We have concluded that the question of compatibility was not presented by the pleadings, but that if it be regarded as in issue the trial court's conclusion was supported by the evidence.

Section 1242, Code of Civil Procedure, since its enactment, has provided, in part: "In all cases where land is required for public use, the state, or its agents in charge of such use, may survey and locate the same; but it must be located in the manner which will be most compatible with the greatest public good and the least private injury. . . ." Section 1244 of the same code, in detailing what a complaint in eminent domain proceedings must contain makes no mention of any averment that the land sought to be condemned has been located as required by section 1242, Code of Civil Procedure, and a complaint is sufficient if no such averment appears. (*Vallejo etc. R. Co.* v. *Home Sav. Bk.*, (1914) 24 Cal.App. 166, 169 [140 P. 974, 976]; *San Francisco etc. Ry. Co.* v. *Leviston*, (1901) 134 Cal. 412, 415, 416 [66 P. 473, 474]; *People* v. *Marblehead Land Co.*, (1927) 82 Cal. App. 289, 296-298 [255 P. 553, 557].) Nor need the plain-

tiff prove compliance with the section to make out a case. (*City of Pasadena* v. *Stimson,* (1891) 91 Cal. 238, 255-256 [27 P. 604, 608].) It is no doubt true that plaintiff's failure to comply with section 1242, Code of Civil Procedure, may be a defense to a condemnation action (see case last cited), but it is obvious that it is incumbent on a defendant who desires to defend on the ground of such failure, to make an issue of it by some appropriate pleading.

■ Defendants' answer, in the present proceeding, contained no affirmative averments, other than its allegations respecting value and damages, and as the complaint was silent about the property being located in a manner most compatible with the greatest public good and least private injury, whether or not it was so located was not put at issue. ■ The complaint did allege plaintiff's status as a public school district and "That the public interest, convenience and necessity require the acquisition by the plaintiff of the property sought to be condemned herein for the establishment and maintenance thereon of a public school, school appurtenances and maintaining school grounds for said plaintiff." The purpose of these allegations was to comply with the requirement of section 1244, Code of Civil Procedure, that "The complaint must contain: ... 3. A statement of the right of the plaintiff" (*Tuolumne Water etc. Co.* v. *Frederick,* (1910) 13 Cal.App. 498, 502 [110 P. 134, 135]; *Kern Co. Union High School Dist.* v. *McDonald,* (1919) 180 Cal. 7, 10 [179 P. 180]); it was not an attempt to make an unnecessary allegation concerning the matter covered by section 1242, Code of Civil Procedure.

■ Defendants originally admitted the truth of the averments of public interest, etc., just quoted, but at the opening of the trial were permitted to file an amendment to their answer denying these averments. The plaintiff thereupon announced, properly (*Northern Light etc. Co.* v. *Stacher,* (1910) 13 Cal.App. 404, 408 [109 P. 896, 903]), that it had the burden of proving the necessity of the taking, and proceeded to sustain its burden. It appears, from their comments at the trial, that the defendants were not so much interested in the issue which their answer actually raised, but intended to and believed that they had, by the amendment to their answer, placed themselves in a position to contend that the parcel of land being condemned was not located in the manner most compatible with the greatest public good

and least private injury. Because we are not satisfied to say that the school district and the court did not acquiesce in defendants' understanding of the effect of their answer, indeed we are inclined to the view that the trial proceeded on the defendants' theory of the issues to be determined, rather than rest our decision on the matter of pleading alone, we shall also consider the case on the theory that the matter of incompatibility is in question.

█ Proceeding on this theory, therefore, the trial court's finding: "2. That the public interest and necessity require the acquisition of said property for said public use" must be interpreted as a finding that the property being condemned was located in the manner required by section 1242, Code of Civil Procedure. This finding, even if interpreted as covering the matter of compatibility, is sustained by the evidence. █ In the absence of any evidence on the subject, a finding would have to be in favor of the plaintiff. It follows from the cases already cited respecting the pleadings and proof touching the matter that the defendants had the burden of proof on this issue. █ The correct rule is this: "In all cases where land is required for public use, the state, or its agents in charge of such use" (quoting again from § 1242, Code Civ. Proc.) "may survey and locate the same," and in doing so "the condemning party is vested with wide discretion. (*City of Pasadena* v. *Stimson,* 91 Cal. 238, 257 [27 P. 604]; *Vallejo etc. R. R. Co.* v. *Home Sav. Bk.,* 24 Cal.App. 166, 170 [140 P. 974]; *Tuolumne Water etc. Co.* v. *Frederick,* 13 Cal.App. 498 [110 P. 134].)" (*Housing Authority* v. *Forbes,* (1942) 51 Cal.App.2d 1, 7 [124 P. 194, 197].) Further on pages 8-9 this same authority states: "The Stimson case, p. 255, [27 P. at page 608] furnishes this conclusive answer to the argument on claimed incompatibility: 'And we think that when an attempt is made to show that the location made is unnecessarily injurious, the proof ought to be clear and convincing; for otherwise no location could ever be made. If the first selection made on behalf of the public could be set aside on slight or doubtful proof, a second selection would be set aside in the same manner, and so *ad infinitum.* The improvement could never be secured, because whatever location was proposed, it could be defeated by showing another just as good.'"

█ In this case it is the school district, acting through its governing board, that is the agent of the State in charge of

the use for which the land was sought. (Civ. Code, § 1001; Sch. Code, §§ 6.102 and 6.103.) Its act, in selecting the particular site herein sought, "should, in the absence of evidence to the contrary, be presumed correct and lawful." (*City of Pasadena* v. *Stimson, supra,* (1891) 91 Cal. 238, 255 [27 P. 604].)

■ We do not deem it necessary to review the evidence in detail. Defendants' property, it disclosed, consisted of a piece composed of some 18 acres, improved with two "nice" houses on the northerly part, and with orange trees and some walnuts for most of the rest. The parcel being condemned is the central third, where the best of defendants' sadly neglected orange trees are. The defendants state: "no argument is required to show that cutting the heart out of a citrus grove—in this case, its best trees—and leaving its two lesser valuable segments detached, is unduly injurious and violates the letter and spirit of the statute." Such an argument overlooks the fact that the statute (Code Civ. Proc., § 1242) requires a balancing of the greatest public good and the least private injury. A parcel of land with objectionable features is not to be chosen just because poorer land is available. It no doubt would injure the defendants least to have the southern third of their land taken. But, the trial court no doubt determined that the fact that the southern part terminated in a point where the westerly and southerly lines of defendants' property came together in an angle of approximately 45 degrees, made that location one not for the greatest public good. The fact, also, that with the present layout of streets the many pupils from the north and northwest would have to walk about a mile a day farther going to and from the southerly portion than from the chosen parcel, may have been persuasive. The further fact that the land chosen by the school authorities was entirely surrounded by private property, not touched by public streets except as one street ended at its border, may have appealed to the trial court as a distinct advantage, although it does not seem to impress the defendants favorably. We have no hesitancy in concluding that if the trial court had the question before it and did conclude that the school authorities had not been shown to have located the property they wished to have condemned in any manner other than that compatible with the greatest public good and the least private in-

jury, its conclusion was not contrary to, but was supported by, the evidence.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 28, 1943. Schauer, J., did not participate therein.