[Civ. No. 16844. Second Dist.. Div. Three. Sept. 20, 1949.]

THEODORE T. NEAL, Appellant, v. BANK OF AMERICA
NATIONAL TRUST AND SAVINGS ASSOCIATION
(a Corporation), Respondent.

Geo. P. Cook for Appellant.

Hugo A. Steinmeyer, G. L. Berrey and Geo. L. Beckwith for Respondent.

SHINN, P. J.—The original complaint in this action, which named the Bank of America as sole defendant, attempted to state three causes of action, in substance as follows:

First: Plaintiff had entered into separate written contracts with Milan and Zella Babcock and with Jack and Barbara Lease to construct homes for them for agreed prices of $9,500 and $9,283 respectively, payable in stated installments during

the course of construction, the final payment of 20 per cent to be upon expiration of the lien period; the Babcocks and Leases had negotiated building loans with the defendant Bank of America, to finance the contracts; defendant had, by letter, accepted plaintiff as contractor, and authorized him to proceed with construction; both of the houses have been erected by plaintiff, and have been completed and accepted by the respective owners, and the time for filing liens against them has long since expired; "there is still due and unpaid to plaintiff on said contracts of construction the sum of $3550.00 which said sum the above named defendant refuses to pay to plaintiff."

Second: The principal facts of the first cause of action are realleged by incorporation; plaintiff had subcontracted the erection of the walls of the two houses to H. A. Clarno, doing business as Life-time Homes; Clarno had not constructed the walls in accordance with plaintiff's specifications, and a dispute had arisen between them; at the time of the dispute, Clarno had received all but $1,350 of his contract price; plaintiff notified defendant of the controversy with Clarno as to the amount due him; "notwithstanding this, said defendant paid to H. A. Clarno, without any notice to plaintiff and without any right or authorization from plaintiff, the sum of $1350.00, and deducted said amount out of monies due plaintiff from said building loans," and refuses to reimburse plaintiff therefor; in addition, defendant has in its possession and control "the sum of $2200.00 which is due and payable to plaintiff under the aforesaid building contracts," which defendant refuses to pay plaintiff unless he will execute a release in full of all demands.

Third: Within two years last past "defendant became indebted to plaintiff in the sum of $3550.00 on account of money had and received by defendant for the use and benefit of plaintiff."

Defendant's demurrer for failure to state a cause of action, defect of parties, and uncertainty having been sustained with leave to amend, plaintiff filed an "amended complaint" in two counts which omitted all of the factual allegations of the original complaint. The first count merely alleged that the defendant had in its possession "the sum of $3550.00, which it is holding for the use and benefit of plaintiff and subject to the order of plaintiff, but which it unjustly refuses to turn over to plaintiff." The second was a common count for money had and received in the same amount. No new defendants were added. Defendant's motion to strike the amended com-

plaint from the files as a sham, and to dismiss the action, was granted, and its demurrer was ordered off calendar. Plaintiff appeals from the judgment of dismissal which followed.

The deficiencies of the original complaint are obvious. The first and second counts are devoid of allegations that the bank made any promise or agreement with plaintiff, other than to recognize him as contractor. Plaintiff concedes as much in his brief, stating that the building contracts were "merely pleaded as matter of inducement and to show in what manner the defendant is holding money for the use of plaintiff." It nowhere appears that the Babcocks and the Leases, or either of them, directed the bank to pay any sums to plaintiff; or that the contract price of the houses was to be paid from particular funds in the possession of the bank; or that the bank has not fully complied with the terms of its loan agreements. The second count, moreover, fails to disclose in what manner plaintiff was injured, if at all, by the bank's payment to Clarno without plaintiff's consent. It also fails to show that such consent was necessary; or that the sum of $1,350 was not rightfully due to Clarno. No facts are alleged in either the first or second counts from which it appears that the loan agreements were made for the benefit of plaintiff or which give rise to any contractual duty on the part of the bank to pay any money whatsoever to plaintiff. Nor does it appear from the facts alleged, as distinct from the mere conclusions of the pleader, that the bank is withholding from plaintiff any money which, in good conscience, it has no right to retain.

Moreover, since any funds in the hands of the bank would presumably be the proceeds of loans made to the Babcocks and Leases, and payable to them alone, it would follow that the entire controversy could not be determined without joining them as parties. It was unquestionably proper to sustain the demurrers to the first two causes of action. And since the common count pleaded as the third cause of action was concededly based upon the same transaction as was defectively set out in the other two specific counts, it was equally vulnerable to the demurrer. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396]; *Rose* v. *Ames*, 53 Cal.App.2d 583, 589 [128 P.2d 65]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248].)

Plaintiff's so-called "amended complaint" consists solely of a mere reiteration, in two separate but substantially identical paragraphs, of the common count in the original com-

plaint. No attempt is made to state new facts, or to state the facts more fully, or to bring in any new parties. Resort to pleading mere conclusions of law in the form of common counts was evidently had to avoid the effect of the verified allegations of fact contained in the original complaint, which the court had held insufficient to state a cause of action, and which disclosed the identity of necessary parties who had not been joined. ▇ Facts once alleged, however, cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. (*Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Williamson* v. *Joyce,* 137 Cal. 151, 153 [69 P. 980]; *Fox Chicago R. Corp.* v. *Zukor's Dresses, Inc.,* 50 Cal.App.2d 129, 135 [122 P.2d 705]; *Zakaessian* v. *Zakaessian,* 70 Cal.App.2d 721, 724 [161 P.2d 677].) ▇ Accordingly, in determining defendant's motion, the court was fully justified in examining and considering the original complaint. (See *Silica Brick Co.* v. *Winsor,* 171 Cal. 18, 22 [151 P. 425]; *Hoyt* v. *Beach,* 104 Iowa 257 [73 N.W. 492, 65 Am.St.Rep. 461]; 21 Cal.Jur. § 168, p. 244.) So considered, the "amended" complaint was no better than the original complaint.

▇ It may be conceded that there is no statutory provision for striking complaints from the files, as there is in respect to sham or frivolous answers. (Code Civ. Proc., § 453.) However, the courts have inherent power, by summary means, to prevent frustration, abuse, or disregard of their processes. (41 Am.Jur. §§ 346, 347, p. 527; anno., 13 Am.St.Rep. 640.) Thus, entirely apart from statute, the authorities have recognized the propriety of a motion to strike an amended complaint filed without requisite leave of court (*W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352, 359 [251 P. 959]; *Harvey* v. *Meigs,* 17 Cal.App. 353, 362 [119 P. 941]); an amended complaint setting up an entirely new cause of action (*Pagett* v. *Indemnity Insurance Co.,* 54 Cal.App.2d 646, 649 [129 P.2d 700], and cases there cited; see, also, *East Riverside etc. Dist.* v. *Holcomb,* 126 Cal. 315 [58 P. 817]); or an amended complaint or cross-complaint not timely filed (*Lincoln Holding Corp.* v. *Union Indem. Co.,* 129 Cal.App. 399 [18 P.2d 744]; *Collins* v. *Bicknell,* 41 Cal.App. 291 [182 P. 763]; see, also, *Gilbert* v. *Sherrod,* 75 Cal.App. 437 [243 P. 30]). In *Santa Barbara County* v. *Janssens,* 44 Cal.App. 318 [186 P. 372], it was held that an order striking an amended cross-complaint from the files was within the jurisdiction of the trial court, and presumably correct in the absence of error disclosed by the

record. The fundamental principle running through the cases is that a court is not required to tolerate a purported amended complaint which fails to amend the previous pleading, is not filed in good faith, is filed in disregard of established procedural requirements, or is otherwise violative of orderly judicial administration. A complete answer to plaintiff's claim of error in this regard is provided by the case of *Wilson* v. *Shea,* 194 Cal. 653, 659 [229 P. 945], wherein the court affirmed an order striking an amended complaint from the files on the ground that ''it utterly fails and in fact does not attempt to remedy the defects'' in the plaintiff's previous pleading, and ''is in all its essential averments but a repetition'' thereof. The case is also authority for the proposition that it is immaterial what form of procedure was followed, for had the demurrer to the amended complaint been sustained without leave to amend, no error would have appeared. It cannot be doubted that the court had jurisdiction to strike plaintiff's amended complaint on the ground that it was frivolous and a sham and the order clearly was not an abuse of discretion. The complaint having been stricken, the judgment of dismissal was, of course, proper. (21 Cal.Jur. § 167, p. 243.)

The judgment is affirmed.

Vallée, J., concurred.

Wood, J., deeming himself disqualified did not participate herein.