[Civ. No. 22496. Second Dist., Div. Three. Apr. 17, 1958.]

THE PEOPLE, Plaintiff, v. HARRY OKEN et al., Defendants; TONY ALARCON, Appellant; EL MONTE SCHOOL DISTRICT et al., Respondents.

Alexander Ruiz and Manuel Ruiz, Jr., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Edwin P. Martin, Deputy County Counsel, for Respondents.

PATROSSO, J. pro tem.*—This is an appeal by cross-complainant Tony Alarcon from an order striking his third amended cross-complaint as against the cross-defendants El Monte School District and county of Los Angeles. ▮ While an order striking a pleading is not ordinarily appealable, the rule is otherwise where, as here, the cross-complaint is directed against cross-defendants not otherwise parties to the action. (*Trask* v. *Moore* (1944), 24 Cal.2d 365, 373 [149 P.2d 854].)

The action in which the cross-complaint was filed is one instituted on behalf of the People of the State of California by

*Assigned by Chairman of Judicial Council.

the district attorney of Los Angeles County against numerous defendants, including cross-defendant, alleged to be the owners or occupants of properties within an area comprising some 24 acres located in the county of Los Angeles and commonly known as "Hick's Camp," to abate a public nuisance alleged to exist upon the properties located therein by reason of the maintenance thereon of dilapidated buildings and unsanitary conditions therein more particularly described.

A demurrer having been sustained with leave to amend to the original cross-complaint, appellant filed a second amended cross-complaint containing four separate causes of action. Demurrers interposed by the respondents to the latter complaint were sustained without leave to amend as to the first, second and fourth cause of action thereof. Thereafter appellant filed a third amended cross-complaint which was stricken upon motion of the respondents as hereinbefore stated.

The third amended cross-complaint, as is likewise true of its predecessors, is in many respects a remarkable document. It purports to incorporate therein by reference, the first, second and fourth causes of action of the second amended cross-complaint to which, as previously stated, demurrers had been sustained without leave to amend. It then alleges that the action is brought by the appellant "on behalf of apprximately [sic] 35 persons similarly situated, named defendants, in the second amended complaint of nuisance on file herein, and also as agent for the State of California, and the person in charge of the public uses hereinafter set forth and requested." It then alleges that the El Monte School District and numerous individually named cross-defendants claim an interest in the property described in Exhibit "A," attached to the cross-complaint, which apparently comprises a portion of the property described in plaintiff's complaint, whereon are located the conditions which are sought to be abated as a public nuisance. It further alleges "that the public interest and necessity require that the said property be acquired by cross complainant as agent of the State of California, as provided in section 1001 of the California Civil Code. That cross complainant, Tony Alarcon, is a person, competent and qualified to acquire the real property and improvements thereon, described herein, as agent of the State and/or person in charge of the uses hereinafter set forth. That cross complainant seeks to take and condemn private property, to wit: Real Estate and improvements, for the public uses hereinafter

set forth. That the plaintiff and cross defendants, El Monte School District, Ernest Roll, District Attorney for Los Angeles County and the County of Los Angeles, are public bodies within the purview of subsection 21 of the section 1238 of the California Code of Civil Procedure, . . . to wit: To demolish, clear, abate or remove buildings from the area known as 'Hicks Camp' and herein described in exhibit 'A,' for the reason that the same are detrimental to the health, safety and morals of the people, and because of dilapidation, overcrowding, faulty arrangement or design, or lack of ventilation or sanitary facilities of the dwellings predominating in said area. That the public interest and necessity require the construction by the El Monte School District of a school building and also the acquisition and appropriation by said school district of a site upon which said building may be erected within that certain tract of land hereinabove described. In conjunction therewith, said public interest and necessity require, that buildings, dwellings and structures within said tract of land be demolished, cleared, abated and/or removed, in the interest of the health, safety and morals of the people, because of dilapidation, overcrowding, faulty arrangement or design, or lack of ventilation or sanitary facilities of the dwellings therein, in a manner that will be most compatible with the greatest public good and the least private injury. . . . That there is grave danger of the creation of a public nuisance, unless the public uses herein referred to are provided for and the public interest and necessity stated above be adjuticated [sic].''

The cross-complaint closes with a prayer that the cross-defendants be required to set forth the nature, character, extent and value of their several estates or interest in the parcels of real property sought to be condemned and the severance damage, if any, accruing thereto; that the value of each separate interest or estate sought to be condemned and the severance damages, if any, be ascertained, and that upon payment to the defendants entitled to compensation of the several amounts so ascertained, the court make and enter a final order of condemnation, ''conveying to cross complainant, as agent for the state, the properties for the public use above set forth.''

We have ignored the allegations contained in the first, second and fourth causes of action, contained in the second amended cross-complaint, which were attempted to be incor-

porated by reference in the third amended cross-complaint in view of the fact that the demurrers interposed to these causes of action had, as noted, been sustained without leave to amend. The attempted incorporation of these counts in the third amended cross-complaint without leave of the court is ineffective and they may not be treated as a part of the pleading in the case. (39 Cal.Jur.2d p. 339.) Moreover, without here undertaking to set forth in detail the voluminous allegations of said counts, we are completely satisfied that the trial court properly sustained the demurrers thereto without leave to amend. Each of these three causes of action seemingly undertakes to state a cause of action for monetary and injunctive relief against the respondents upon some undiscernible theory for damages which the cross-complainant and others similarly situated allegedly will sustain if the plaintiff prevails in its action to abate the nuisances alleged to exist upon the properties owned by them.

From the allegations of appellant's pleadings which we have above summarized in some detail, it would appear that the relief which he seeks thereby as against the respondents is a judgment declaring that the public interest and necessity require the construction by the respondent El Monte School District of a school building and "the acquisition and appropriation by said school district of a site upon which said building may be erected within that certain tract of land" in the cross-complaint described. We know of no law, and none has been called to our attention, which authorizes a private citizen to maintain such an action. Where, when or how, if at all, a school district shall construct school buildings is a matter within the sole competency of its governing board to determine. (*Montebello Unified School Dist.* v. *Keay* (1942), 55 Cal.App.2d 839, 843-844 [131 P.2d 384].)

If, however, the third amended cross-complaint be construed as one whereby appellant as a private citizen seeks to acquire property for the purpose of constructing and operating a public school, it is likewise unauthorized by law. Section 1001 of the Civil Code, upon which appellant assertedly seeks to predicate his action, while authorizing any person, as "an agent of the State" or as "a person in charge of such use" to acquire private property under the power of eminent domain for any of the public uses provided in section 1238 of the Code of Civil Procedure is wholly without application. A private person seeking to exercise the right of eminent domain must not only allege that he proposes to devote the

property sought to be acquired to one of the public uses provided in section 1238, but it must likewise be made to appear that he is authorized to devote the property to the public use in question, or otherwise stated, that he is a person authorized to administer or have ''charge of such use.'' (*Beveridge* v. *Lewis* (1902), 137 Cal. 619, 621 [67 P. 1040, 70 P. 1083, 92 Am.St.Rep, 188, 58 L.R.A. 581].) While appellant alleges by way of conclusion that he ''is a person, competent and qualified to acquire the real property'' described in his pleading ''as agent of the State and/or person in charge of the uses'' therein set forth, the allegation must be disregarded, because we judicially know it is untrue. (*Wilson* v. *Loew's Inc.* (1956), 142 Cal.App.2d 183, 187-188 [298 P.2d 152].) ''The constitution declares that the legislature shall provide 'for a system of common schools,' or, as expressed elsewhere in the organic law, 'a public school system.' '' (23 Cal.Jur. p. 18; Cal. Const., art. IX, §§ 5-6.) ''By these two sections, the constitution makes the school system a matter of state care and supervision. The term 'system' itself imports a unity of purpose as well as an entirety of operation, and the direction to the legislature to provide 'a' system of common schools means one system which shall be applicable to all the common schools. And this duty to provide for the education of the children of the state, so far as the state has, by the adoption of the constitution, undertaken it, cannot be delegated to any agency.'' (23 Cal. Jur. 21-22.) As said in *Piper* v. *Big Pine School Dist.*, 193 Cal. 664, 669 [226 P. 926]:

''It is in a sense exclusively the function of the state which cannot be delegated to any other agency. The education of the children of the state is an obligation which the state took over to itself by the adoption of the constitution. To accomplish the purposes therein expressed the people must keep under their exclusive control, through their representatives, the education of those whom it permits to take part in directing the affairs of state.''

From the allegations of the cross-complaint, it affirmatively appears that '' (i)n this case it is the school district, acting through its governing board, that is the agent of the State in charge of the use for which the land was sought.'' (*Montebello Unified School Dist.* v. *Keay, supra.*)

 The third amended cross-complaint wholly fails to state a cause of action and is patently frivolous and sham.

It was therefore properly stricken by the trial court. ▮ As said by this court in *Neal* v. *Bank of America* (1949), 93 Cal. App.2d 678, 682-683 [209 P.2d 825] :

"It may be conceded that there is no statutory provision for striking complaints from the files, as there is in respect to sham or frivolous answers. (Code Civ. Proc., § 453.) However, the courts have inherent power, by summary means, to prevent frustration, abuse, or disregard of their processes. (41 Am.Jur. §§ 346, 347, p. 527; anno., 13 Am.St.Rep. 640.) . . . In *Santa Barbara County* v. *Janssens*, 44 Cal.App. 318 [186 P. 372], it was held that an order striking an amended cross-complaint from the files was within the jurisdiction of the trial court, and presumably correct in the absence of error disclosed by the record. The fundamental principle running through the cases is that a court is not required to tolerate a purported amended complaint which fails to amend the previous pleading, is not filed in good faith, is filed in disregard of established procedural requirements, or is otherwise violative of orderly judicial administration. . . . It cannot be doubted that the court had jurisdiction to strike plaintiff's amended complaint on the ground that it was frivolous and a sham and the order clearly was not an abuse of discretion."

The order appealed from is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 7, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1958. Carter, J., was of the opinion that the petition should be granted.