[Civ. No. 18391. First Dist., Div. Two. July 17, 1959.]

SHAFTER WILLIAMS, Appellant, v. INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 10 (a Voluntary Association), Respondent.

Joseph A. Brown for Appellant.

Gladstein, Andersen, Leonard & Sibbett and George R. Andersen for Respondent.

O'DONNELL, J. pro tem.*—This is an appeal from a judgment of dismissal following the sustaining of a demurrer to plaintiff's first amended complaint without leave to amend.

In his original complaint, which was verified, plaintiff alleged that he had been a member in good standing of defendant union; that on June 15, 1943, he sustained an injury which temporarily disabled him, and as a result he was unable to pay his union dues; that by reason thereof his membership in the union was suspended. Plaintiff further alleges that within six months after the date of his injury he offered to pay all delinquent dues but that defendant wrongfully refused to accept them and further wrongfully refused and continues to refuse to reinstate plaintiff as a member of the union. Plaintiff prayed for judgment directing defendant to reinstate plaintiff's union membership and also for damages for wages lost during the period of suspension.

Defendant demurred to the original complaint on a number of grounds, among them being the grounds that the action was barred by the statute of limitations and by laches. De-

---

*Assigned by Chairman of Judicial Council.

fendant's demurrer was sustained with leave to amend. The order sustaining the demurrer did not state on which of the grounds of demurrer the order was based. Plaintiff's first amended complaint contains substantially the same allegations as his original complaint with the following two exceptions: (1) the amended complaint omits reference to the fact that plaintiff made application for, and was refused, reinstatement in the year 1943, merely reciting that plaintiff was refused reinstatement "over a period of years"; and (2) the amended complaint omits the allegations of the original complaint relating to loss of wages.

Defendant demurred to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action and in its points and authorities in support of the demurrer defendant asserts that plaintiff's cause of action is barred by laches. ■ The defense of laches is properly raised by general demurrer. (*Zakaessian* v. *Zakaessian,* 70 Cal.App.2d 721 [161 P.2d 677].)

■ By omitting reference to the date on which he was refused reinstatement, plaintiff did not thereby render his amended complaint invulnerable to demurrer on the ground that the statute of limitations had run on his cause of action. ■ "Where a verified complaint contains allegations destructive of a cause of action, the defect cannot be cured in subsequently filed pleadings by simply omitting such allegations without explanation." *Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617, 623 [311 P.2d 1].) The rule has been applied to cases involving an original verified complaint that is, on its face, barred by limitations. (*Lee* v. *Hensley,* 103 Cal. App.2d 697 [230 P.2d 159]; *Gaglione* v. *Coolidge,* 134 Cal. App.2d 518 [286 P.2d 568]; *Tostevin* v. *Douglas,* 160 Cal. App.2d 321 [325 P.2d 130].)

■ That the original complaint in the instant case shows on its face that the cause of action therein stated is barred cannot be doubted. The union's constitution constitutes a written contract between it and plaintiff. Therefore, the four year limitation period prescribed by section 337 of the Code of Civil Procedure is applicable. (*Hopson* v. *National Union etc. Cooks & Stewards,* 116 Cal.App.2d 320, 326-327 [253 P.2d 733].) Plaintiff's cause of action accrued in 1943 when defendant allegedly refused to reinstate him. His original complaint was not filed until 1958.

The next question to be decided is whether defendant's demurrer to the amended complaint sufficiently raises the bar of the statute of limitations.

It will be recalled that defendant's demurrer to the original complaint set up the bar of the statute and that when plaintiff filed his amended complaint omitting the date of defendant's refusal to reinstate plaintiff, defendant demurred on the ground of laches.

It is established that a demurrer which merely states that the cause of action set forth in the complaint is on its face barred by the statute of limitations is sufficient to raise that defense. It is not necessary, as it is when the statute is pleaded in an answer, to specify the applicable code section. (*Spreckels* v. *Spreckels*, 172 Cal. 775 [158 P. 537]; *Bainbridge* v. *Stoner*, 16 Cal.2d 423 [106 P.2d 423].) It has also been held that it is not improper for a trial court to grant a motion to strike an amended complaint after the pleader has made several ineffectual attempts to state a cause of action. In *Wilson* v. *Shea*, 194 Cal. 653 [229 P. 945], in speaking of the employment of a motion to strike, rather than a demurrer, to reach a defective amended complaint, the court said (pp. 659-660): "The method of disposing of it [fifth amended complaint] may have been somewhat irregular, but of this the plaintiff cannot be heard to complain, since it only at best could have suffered the fate of his several other ineffectual pleadings, his persistent refusal to amend which in the particulars to which his attention had been specifically directed may well have brought the trial court to the conclusion that it was futile to permit him to present a further defective pleading."

And in *Neal* v. *Bank of America*, 93 Cal.App.2d 678, 682 [209 P.2d 825], the court said: "It may be conceded that there is no statutory provision for striking complaints from the files, as there is in respect to sham or frivolous answers. (Code Civ. Proc., § 453.) However, the courts have inherent power, by summary means, to prevent frustration, abuse or disregard of their processes." On page 683, the court further says: "The fundamental principle running through the cases is that a court is not required to tolerate a purported amended complaint which fails to amend the previous pleading, is not filed in good faith, is filed in disregard of established procedural requirements, or is otherwise violative of orderly judicial administration." (The Neal case is followed in

*People* v. *Oken,* 159 Cal.App.2d 456, 462 [324 P.2d 58], and in *Tostevin* v. *Douglas,* 160 Cal.App.2d 321 [325 P.2d 130], a case, like ours, concerned with the statute of limitations.)

 Applying the above rules and principles to the situation presented in the case at bar, we are of the opinion that plaintiff's cause of action appears to be clearly barred by the statute of limitations, that defendant has adequately raised the bar of the statute, and that the trial court properly sustained defendant's demurrer to the amended complaint. It is true, as we have noted above, that the defendant in his demurrer to the amended complaint urged that the amended complaint failed to state a cause of action because it was barred by laches, and not because it was barred by limitations. (This was undoubtedly due to the fact that the amended complaint omitted the date that plaintiff's cause of action accrued. In its brief on appeal, however, defendant urges both laches and limitations.) However, we should not sacrifice substance to form. The important fact is that defendant is objecting to plaintiff's claim because it is stale. In what language he expresses that objection is unimportant under the circumstances here present. We would not only be requiring the performance of an idle act but would also be lending our aid to plaintiff's patent effort to evade an obvious and complete defense to his cause of action were we to reverse the judgment of dismissal. The result of a reversal could only be to put defendant to the needless trouble and expense of formally presenting in more precise phraseology the defense of limitations.

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.