[Civ. No. 9842.    Third Dist.    Dec. 27, 1960.]

AMERICAN TRUST COMPANY, as Executor, etc., et al., Respondents, v. OSCAR KINDSFATER, Appellant.

Desmond & Miller for Appellant.

William M. Maxfield for Respondents.

VAN DYKE, P. J.—This is an appeal from a summary judgment in favor of the plaintiffs and from a dismissal of a cross-complaint, in an action brought to recover possession of, and to quiet title to, certain real property.

The complaint, after alleging the capacity of the executors, alleges that the defendant Kindsfater entered upon the premises for farming purposes under a written lease for a one-year period dated October 8, 1944, and that he continued in possession thereof year after year through the cropping season for the year 1956; that he failed to proceed with the farming operations for the cropping season of the year 1957 and that on April 9th of that year plaintiffs entered upon the property and installed thereupon a new tenant, who thereafter did the farming. It is then alleged that while Kindsfater surrendered those portions of the premises used for farming, he continued to retain possession of a dwelling house and a small adjacent area and had refused to vacate the same. The complaint contained a second count cast in the classic form of a suit to quiet title. The plaintiffs prayed for a judgment ordering Kindsfater to vacate the premises he retained and prayed that he be compelled to set forth any claims he might have to the land and that plaintiffs' title be quieted as against any such claim. Kindsfater answered the complaint. He admitted the capacity of American Trust Company and Joan Lewis as executors, admitted his entry into possession as tenant and that he had continued to farm the land until the end of the cropping season of the year 1956. He admitted his continued possession into the year 1957, but denied that he had breached his lease by failing to proceed with the farming operations of that year. He admitted the plaintiffs' entry on April 9th of 1957, and that a new tenant had been installed to proceed with the farming operations thereafter. He denied that he had voluntarily surrendered any part of the premises. Answering the second count he denied the plaintiffs' ownership of the property, but also denied that he asserted any claim to or interest in the premises.

In addition to his answer, the defendant filed a cross-complaint. Therein he alleged the capacity of the executors, the ownership of the property by Azro and Wilmarth Lewis in undivided shares prior to the death of Azro, and then alleged that "On or about the _____ day of October 1956, Azro N. Lewis . . . and . . . Wilmarth S. Lewis, did *verbally* lease to cross-complainant the real property described in Paragraph IV for a cropping season and one year term commencing

December 15, 1956, and ending December 14th, 1957." (Italics added.) He alleged that he had continued in possession of the premises pursuant to the verbal lease until April 9, 1957, on which day he had been by the plaintiffs unlawfully evicted from all the property except the dwelling house and the adjacent area, and that by reason of his eviction he had been precluded from growing crops during the entire cropping season of 1957 to his damage in the sum of $31,420. Plaintiffs answered the cross-complaint, denying the verbal lease had been made. The answer further set up the obvious defense of the statute of frauds as a separate defense to any claim based on the alleged verbal lease. With the pleadings in that condition, plaintiffs, on November 24, 1958, filed a memorandum for pretrial conference, which asserted that there were no issues which required trial, that plaintiffs were entitled to judgment on their complaint, and that, as to the cross-complaint, the agreement therein alleged was void under the statute of frauds since the agreement on its face showed that it could not be performed within one year. Plaintiffs asked that the cause be disposed of summarily. Kindsfater also filed a pretrial conference statement on November 24, 1958, asserting that there were issues to be tried and demanding a jury. On December 3, 1958, plaintiffs noticed motions for judgment on the pleadings as to the complaint and answer and for an order striking the cross-complaint and dismissing the cross action. These motions were heard and on February 13, 1959, the court ordered that the answer be "dismissed" and that plaintiffs have judgment as prayed for. The court further ordered that the cross-complaint be dismissed.

On March 3, 1959, Kindsfater noticed a motion to set aside the orders of February 13th, "upon the grounds that said proposed amendment to the answer and cross-complaint which is now being filed with this motion was not filed at an earlier date because defendant's attorney . . . had been engaged in the trial of litigation" and because of counsel's mistake, inadvertence, surprise and excusable neglect. These motions were heard and denied on April 20, 1959, and on the same date judgment was entered that plaintiffs recover possession of the dwelling house and the area adjacent thereto and that a writ of restitution issue therefor; that the title of plaintiffs to the premises be quieted against any claims of Kindsfater; that Kindsfater take nothing by his cross-complaint and that the same be dismissed and that plaintiffs recover their costs. From that judgment this appeal has been taken.

■  The order granting judgment on the pleadings with respect to the complaint and the answer was properly made. All issues raised by those pleadings had become moot at the time the motion was made. The answer of Kindsfater asserted no claim beyond a stipulated termination date of the 1957 cropping season which had passed. He claimed no right to hold the property beyond that date nor any interest in the property that did not expire on that date. His answer asked no damages for the alleged eviction. There was nothing to try and the court properly so declared.

The order dismissing the cross-complaint was likewise proper. It counted entirely upon an alleged verbal agreement invalid under the statute of frauds.

■  The subsequent orders refusing to set aside the previous orders rested within the sound discretion of the trial court. At various times before the petition to set aside the previous orders had been disposed of, Kindsfater undertook to meet the requirements of the statute of frauds by bold allegations changing the time the verbal lease was to run in order to get it within the one-year limitation. ■ The rule is thus stated in *Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825] :

"Facts once alleged, however, cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. . . . Accordingly, in determining defendant's motion, the court was fully justified in examining and considering the original complaint."

■  Said the trial court in the case at bar in a memorandum opinion: "No attempt is made in the proposed first, second, or third amended cross complaints to legally explain the vulnerability contained in the cross-complaint. By affidavit filed on March 16th counsel for cross-complainant made an attempt to explain the delay in filing briefs and an amended cross-complaint, but no place, either in the subsequent pleadings or in said affidavit, was there an attempt to explain the vulnerability contained in the cross-complaint."

It is interesting to note that the first cross-complaint was filed October 24, 1958; that the answer thereto, pleading the statute of frauds in bar of the cross-action, was filed November 5, 1958, and that plaintiffs' memorandum for pre-trial conference, which again pointed out the invalidity of the verbal lease was filed November 24, 1958; that the notice of motions for summary judgment was filed December 3, 1958, and thereafter heard and not decided until February 13, 1959.

Not until March 3d was an attempt made to bring the invalid verbal lease alleged to have been made in the cross-complaint as first filed within the one-year limitation. The trial court was not bound, in deciding the motions, to set aside its orders of February 13th, or to accept the explanations as to why the original date was incorrectly alleged and this is especially true in view of the conflicting statements made during that attempt.

We find no abuse of discretion in the trial court's orders denying motions to set aside the orders for summary judgment and no error in the judgment.

For the reasons given, the judgment appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied January 23, 1961, and appellant's petition for a hearing by the Supreme Court was denied February 21, 1961.

*Assigned by Chairman of Judicial Council.